## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **AMALGAMATED TRANSIT UNION,** <br> **LOCAL NO. 1498,** <br><br> **Plaintiff,** <br><br> vs. <br><br> **JEFFERSON PARTNERS, L.P.,** <br> **d.b.a. JEFFERSON LINES,** <br><br> **Defendant.** | Case No. 99-0327-CV-W-3 ECF |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, American Transit Union, Local 1498, by and through its counsel of record, Weston R. Moore, submits the following Memorandum in support of its Motion For Summary Judgment and in opposition to Defendant's Motion For Summary Judgment.

### STATEMENT OF UNCONTROVERTED FACTS

1. American Transit Union, Local 1498 (hereinafter the "Union"), is the exclusive bargaining representative of certain employees of Jefferson Partners (hereinafter "Jefferson"). (Exh. A. 2.)

2. The Union and Jefferson were, at all relevant times, parties to a collective bargaining agreement. (Exh. A. 2.)

3. The collective bargaining agreement provides that "any disagreement as to the proper meaning or application of any provision of [the] Agreement" may be referred to a Board of Arbitration. (Exh. A. 2., Art. 42)

4. The practice of Jefferson and the Union (the "parties") is to allow one arbitrator, rather than a Board, to hear and decide "disagreements" under the agreement.(W. Moore Affidavit)

5. The practice of the parties is to allow the selected arbitrator to hear the "disagreement as to the proper meaning or application of" the Agreement and to order a remedy for any breach of the Agreement found by the arbitrator.(W. Moore Affidavit)

6. On November 30, 1998, Jefferson and the Union submitted a disagreement as to the proper meaning or application of the Agreement to Arbitrator James Lundberg.
(Exh. A. 7., p. 1)

7. The parties each made suggestions to Arbitrator Lundberg regarding the issue to be decided. (W. Moore Affidavit)

8. The proposed issues suggested by the parties each contained the statement, "[a]nd, if a violation occurred, what shall be the appropriate remedy? (W. Moore Affidavit)

9. The parties were not able to agree upon a joint statement of the issue(s) and agreed to allow Arbitrator Lundberg to decide on a statement of the issue(s). (Exh. A. 7., p.1)

10. Arbitrator Lundberg framed the issue as follows: "Whether the company violated the collective bargaining agreement and/or the past practices of the parties by unilaterally modifying the wage rates of bargaining unit members? If a violation occurred, what is the appropriate remedy? (Exh. A. 7., p.2)

11. Arbitrator Lundberg heard a second dispute between the parties, during the same hearing. (Exh. A. 7., p.2)

12. Arbitrator Lundberg framed the issue (Issue No. 1 in the Award), with regard to the second dispute and the request for a remedy, in similar terms, also stating, in relevant part: "If a violation occurred what is the appropriate remedy?" (Exh. A.7., p. 2)

13. Each of the two disputes submitted to Arbitrator Lundberg were previously the subject of Unfair Labor Practice Charges filed by the Union against Jefferson.
(W. Moore Affidavit)

14. Jefferson requested that the National Labor Relations Board (NLRB) not proceed with a prosecution of the filed Unfair Labor Practice Charges and, instead, allow Arbitrator Lundberg to resolve the dispute. (W. Moore Affidavit)

15. The NLRB agreed to defer prosecution of the filed Unfair Labor Practice Charges after finding that "the dispute underlying the charge is cognizable under the parties' collective-bargaining agreement and may be resolved pursuant to the collective-bargaining agreement's grievance/arbitration procedure which is final and binding on the parties." (W. Moore Affidavit, Attachment "A", p. 2)

16. Jefferson did not object to the finding by the NLRB that the dispute could be "resolved" in a "final and binding" way by Arbitrator Lundberg. (W. Moore Affidavit)

17. Arbitrator Lundberg issued an Award on February 19, 1999. (Exh. A. 7., p.13)

18. Arbitrator Lundberg, within the Award, found that Jefferson had violated the Agreement in regard to Issue No. 1 and Issue No. 2 (currently before the Court). (Exh. A. 7., p.13)

19. Arbitrator Lundberg ordered a monetary remedy in connection with both of the found violations of the Agreement. (Exh. A. 7., p.13)

20. Jefferson did not object to the award by Arbitrator Lundberg of a monetary remedy in connection with Issue No. 1 and has agreed to pay drivers' in accordance with Arbitrator Lundberg's Award. (W. Moore Affidavit; Also see Exh. A.7.)

21. Jefferson has refused to provide the remedy described in paragraph No. 2 of Arbitrator Lundberg's Award. (Request For Admissions, No. 10)

## BACKGROUND

This action was filed by the American Transit Union (hereinafter the "Union") to compel Jefferson Partners (hereinafter "Jefferson") to abide by an arbitration Award which was entered against Jefferson and in favor of the Union on February 19, 1999. The current action has been brought pursuant to the Labor Management Relations Act, 29 U.S.C. §185. This statute allows an action to be brought by a labor organization to enforce an arbitration award. Jefferson filed its Motion For Summary Judgment on October 13, 1999 and Plaintiff was granted leave to respond on or before November 18, 1999 with its own Motion For Summary Judgment.

3

The Union agrees with Jefferson that there are no material issues of disputed fact and that the case may properly be resolved at the summary judgment stage. It, however, probably comes as no surprise to the Court, that the Union maintains that the uncontroverted facts establish that it is the Union, not Jefferson, that is entitled to an entry of judgment.

## ARGUMENT AND AUTHORITIES

### I. Standard of Review

The standards governing summary judgment are well known to the Court and the parties and will not be discussed by the Union. The Union accepts Jefferson's statement of the applicable standard, with regard to summary judgment.. The standards, however, governing the Court's review of an arbitration award must be explored more fully. It is the resolution of this matter which will determine which of the parties is entitled to a judgment in its favor.

The arbitration award is presumed to be valid and enforceable. Jefferson, therefore, must present evidence that the award falls within the very limited category of awards which does not "draw its essence" from the interpreted agreement. *Steelworkers v. Enterprise Wheel & Car Corporation*, 363 U.S. 593, 596-97 (1960). The Court's sole function it to determine if the arbitrator properly considered the contractual arrangement between the parties when making his decision. *Fairview Southdale Hospital v. Minnesota*, 943 F.2d 809, 811 (8th Cir.1991) citing *United Steel Workers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960). The Court is not to substitute its interpretation of the contract for that interpretation given by the arbitrator. *Fairview* at

4

811. The parties, after all, bargained for and agreed to be bound by the arbitrator's construction, not the Court's. *Id.* quoting *United Steelworkers*, 363 U.S. at 599.

> Arbitrators are judges chosen by the parties to decide the matters submitted to them, finally and without appeal. As a mode of settling disputes, it should receive every encouragement from courts of equity. If the award is within the submission, and contains the honest decision of the arbitrators, . . .a court of equity will not set it aside for error, either in law or in fact. A contrary course would be a substitution of the judgment of the chancellor in place of the judges chosen by the parties and would make an award the commencement, not an end, of litigation.

*Burchell v. March*, 58 U.S. 344 (1854).

The standard of review applicable to a review of Arbitrator Lundberg's award is a narrow one and is limited to determining if the Award "draws its essence" from the parties' Agreement. Jefferson recognizes this well-established rule of law. *See* Def. Memo. p. 9 citing *Bureau of Engraving, Inc. v. Graphic Communications International Union, Local 1B*, 164 F.3d 427, 429 (8th Cir.1999); Also see *Corrigan Company v. International Brotherhood of Teamsters, Local 682*, 862 F.Supp. 241, 242 (E.D. MO.1994). "In determining whether an arbitrator has exceeded his authority, the agreement must be broadly construed with all doubts being resolved in favor of the arbitrator's authority." Corrigan at 242 quoting Lackawanna Leather Co. v. United Food & Commercial Workers International Union, AFL-CIO & CLC, 706 F.2d 228, 230-31 (8th Cir.1983)(en banc).

**II.    The Basis Of Arbitrator Lundberg's Award**

The facts giving rise to the at-issue Award, as found by Arbitrator Lundberg, must be taken as true by the Court. Those facts, very briefly are as follows:

5

The parties negotiated a contract which provided for certain wages for Jefferson employees. (Exh. A.2.) Several years into the contract, Jefferson asked for permission to increase the wages of many of its driver-employees. The Union agreed to allow the requested wage increase, provided Jefferson raised the wages of all employees by an equal percentage. (Exh. A.7) The parties, by this conduct, were negotiating a change in the existing agreement.

After negotiating with the Union, Jefferson changed approaches and asserted that it had a right under the contract to increase wages unilaterally and was not obligated to negotiate with the Union nor gain an agreement from the Union concerning the proposed wage increase. The Union repeatedly warned Jefferson that a unilateral increase in only a portion of the wages would amount to a contract violation, since the Union was not agreeing to a change in the contracts terms, and a violation of the National Labor Relations Act. Jefferson ignored these warnings, refused to abide by the Union's across-the-board condition for wage increases and unilaterally increased the wages of only some of its employees. The Union maintained that Jefferson did not have the authority, absent an agreement between the parties, to increase wages. The Union further maintained, before Arbitrator Lundberg, that the Union was entitled to the benefit of its bargain. (Exh. A.7.)

The Union made an offer to allow wage increases, provided they were granted across-the-board. (Exh.A.7) Jefferson then accepted that offer, through its conduct (grating some wage increases), yet failed to provide the Union with its bargained-for benefit – increases for those employees not included within Jefferson's proposal. The Agreement – the "Jefferson Contract (Exh. A.2.) was modified by this conduct. The Agreement was changed as soon as Jefferson "accepted" the Union's offer, so long as Jefferson did not already possess the authority to unilaterally modify the

6

contractual wage structure. Therefore, of critical importance was whether Jefferson had the authority to unilaterally implement a wage change. If Jefferson did have that authority, then no consideration existed to support a binding contract/modification to the existing contract. Arbitrator Lundberg decided this issue adversely to Jefferson. (Exh. A.7)

Arbitrator Lundberg found that Jefferson did not have the authority to unilaterally modify wages.[1] He then fashioned a remedy. The remedy ordered was that Jefferson pay the wages which the Union had indicated were acceptable and which Jefferson, through its conduct, agreed to pay. (Exh. A.7.) Arbitrator Lundberg is not ordering Jefferson to change the wage structure; He is ordering Jefferson to pay the wages that have been part of the newly negotiated wage structure since January, 1998. This remedy is proper.

### III. The Remedy Ordered Was Within The Authority Of The Arbitrator.

Arbitrator Lundberg was asked to decide the following issue:

> Whether the company violated the collective bargaining agreement and/or the past practices of the parties by unilaterally modifying the wage rates of bargaining unit members? If a violation occurred, what is the appropriate remedy?

(Exh. A, 7, p. 2). Jefferson gave Arbitrator Lundberg the authority to fashion a remedy, yet now asserts that he lacked that authority. Jefferson, however, has failed to point to any provision within the Agreement which prohibits the Arbitrator from awarding monetary damages or ordering Jefferson to abide by its

---

[1] This finding is not being appealed by Jefferson and could not properly be reviewed or overturned by the Court.

negotiated Agreement.

The only two provisions even discussed by Jefferson are Article 42.8 which provides that "[the] arbitrators shall have no power to alter or amend the provisions of this contract in any respect" (CBA, p. 35) and the wage scale for employees. Jefferson has not pointed to any provision within the contract which prohibits the arbitrator from awarding a monetary remedy. What Jefferson is really arguing is that Arbitrator Lundberg violated the Agreement by violating the provision of the Agreement which prohibits violations of the Agreement. This argument besides being circular ignores the fact that the wage scale contained within the "Jefferson Contract" ceased to exist at the moment Jefferson accepted the Union's offer for modifying wage increases.

The CBA provides that "[i]n case of any disagreement as to proper meaning or application of any provision of this Agreement, the matter shall be referred to a Board of Arbitration . . ." (Exh. A.2., p. 34). "The board of arbitration shall . . . weigh all the evidence and arguments . . . and give its written decision . . . [which] shall be final and binding to the parties." (Exh. A.2., § 42.6). The CBA does not limit the scope of the "written decision", nor indicate that the arbitrator cannot order a remedy within the decision. (*See generally*, Exh. A.2.) The CBA does not make any reference to the action the arbitrator is supposed to take (what remedy, if any, he is to award) when rendering a decision.[2] Yet, the arbitrator obviously has the authority to remedy any violation found.

---

[2] Article 41, "DISCIPLINE-SUSPENSION-DISCHARGE", provides: "Any member suspended or discharged and later through investigation or arbitration found not sufficiently guilty to warrant such suspension or discharge shall be reinstated in his former position with continuous rights and will be paid for all lost time at his regular rate . . ." This Article, however, by its words, does not require the arbitrator to take any particular action, though it may reasonably be assumed that the parties intended for this specific remedy to be ordered.

8

Many – perhaps most – labor-management contracts in this nation do not specifically authorize an arbitrator to award damages. But in hundreds of such contracts year after year arbitrators do, in fact award damages. This is done with full knowledge of the parties, who in many cases have had decades in which to rewrite their contracts if they did not so intend them. The authority of an arbitrator to award damages is as truly and integrally a part of the contract as if it were written there in unmistakable English and boldface type. *Jeffrey Mfg. Co.*, 34 LA 814, 825 (Kuhn,1960). *Also see Farrell Lines*, 86 LA 36 (Hockenberry,1986)(arbitrator has broad authority to award compensatory damages)

The arbitrator has the power to use any remedy he finds appropriate so long as that remedy is not expressly precluded by the agreement. *Bakery & Confectionary Workers Local 369 v. Cotton Baking Co.*, 514 F.2d 1235, 1237 (5th Cir.1975), *cert. denied*, 423 U.S. 1055 (1976). If the remedy is one which could have been granted by a court of law or equity, it is certainly a remedy which may appropriately be granted by an arbitrator. *U.S. Slicing Machine Company*, 41 LA 1076, 1081-82 (1963). Surely, there can be no doubt that the Agreement – the Jefferson Contract (Exh. A.2.) does not prohibit the arbitrator from awarding monetary damages; Jefferson just agreed to pay monetary damages in connection with a second issue submitted to Arbitrator Lundberg. It must be equally clear that a court hearing the same claim as Arbitrator Lundberg would have the authority to award monetary damages to those employees that not receive a pay increase. There is nothing unusual or improper about this award.

Jefferson spends much of its argument emphasizing Arbitrator Lundberg's discussion of the fair and appropriate remedy. This red herring does not assist one in determining the ultimate issue – "Did Arbitrator

9

Lundberg have the authority to award monetary damages?" This is the question and the answer is "yes." It makes no difference whether one takes the view that Jefferson violated its newly negotiated wage scale or violated its previously negotiated wage scale by unilaterally modifying wages; the fact remains that the proper measure of damages for those employees not receiving a pay increase should be computed by determining the difference between what was earned and what would have been earned had Jefferson not committed a breach. Whether Arbitrator Lundberg orders that the lump sum difference be awarded or orders Jefferson to pay a "new wage" is a difference of semantics only. Monetary damages are properly within the authority of the arbitrator and the award of such damages is not in conflict with any express term of the written Agreement.

As long as the arbitrator **"is even arguably construing or applying the contract"**, the award should not be overturned even if the court is convinced that the arbitrator committed serious error. *Fairview* at 811 quoting *United Paperworkers International Union v. Misco, Inc*., 484 U.S. 29, 38 (1987). It is only when it has been demonstrated that the arbitrator has clearly violated one of the conditions or provisions of the contract that an award should be overturned.. *Fairview* at 811 citing *Northwest Airlines v. International Association of Machinists*, 894 F.2d 998 (8th Cir.1990). The burden of demonstrating that the award clearly violates one of the "conditions or provisions" of the contract lies with Jefferson. *Nolde Brothers, Inc., v. Bakery Workers Local 358*, 430 U.S. 243, 253-54 (1977)(Presumption is that award is enforceable). Jefferson has not met this burden.

## CONCLUSION

Based upon all the foregoing, Plaintiff respectfully asks that the Court enter judgment in its favor

10

and order Jefferson to immediately comply with Arbitrator Lundberg's Order and grant the Union such other remedies as sought within the Complaint.

>
> Respectfully submitted,
>
> **THE MOORE LAW OFFICE**
> 2111 E. Crossroads, Suite 203
> Olathe, Kansas 66062
> Telephone: (913) 764-8822
> Facsimile: (913) 764-8824
>
>
> By: ___s/Weston Moore___
> Weston R. Moore
> Missouri Bar No. 47363
>
> **ATTORNEY FOR PLAINTIFF**

## Certificate of Service

I hereby certifies that a copy of the above and foregoing was mailed, postage prepaid, this 18th day of November, 1999, to:

Diane P. Duvall
Polsinelli, White, Vardenman & Shalton
7500 College Boulevard, Suite 750
Overland Park, Kansas 66210

Andrew J. Voss
Littler Mendelson, P.C.
Multifoods Tower – Suite 3970
33 South 6th Street
Minneapolis, Minnesota 55402-3720

> By: ___s/Weston Moore___
> Weston R. Moore